# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:09cv443

| | |
|---|---|
| **STEELCASE, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **M.B. HAYNES CORPORATION,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Dismiss [Doc. 5]; the Defendant's Motion for Summary Judgment (Indemnity Claim) [Doc. 8]; and the Defendant's Motion for Summary Judgment (Contribution Claim) [Doc. 10].

Pursuant to 28 U.S.C. § 636(b) and the Standing Orders of Designation of this Court, United States Magistrate Judge Dennis L. Howell was designated to consider the motion to dismiss [Doc. 5] and to submit recommendations for its disposition. The motions for summary judgment were not referred to the Magistrate.

In March 2010, the Magistrate Judge entered a Memorandum and

Recommendation in which he recommended denying the motion to dismiss. [Doc. 15]. The Defendant timely filed objections. Because no referral was made, the Magistrate Judge did not issue a Memorandum and Recommendation concerning the motions for summary judgment. The Court, however, considers those motions *infra*.

## PROCEDURAL & FACTUAL BACKGROUND

The Plaintiff initiated this action for indemnification and, alternatively, contribution, on December 10, 2009, based on diversity jurisdiction. [Doc. 1]. In 2003, Steelcase, Inc. (Steelcase) operated a furniture manufacturing plant in Fletcher, North Carolina. [Id., at 1]. In October 2003, Steelcase had a contract with the Defendant for construction work in the plant and the Defendant. [Id., at 2]. Employees of the Defendant moved a metal fire door during construction and the next day, the door fell on Maxine Shelton, an employee of the janitorial service retained by Steelcase. [Id.]. Shelton and her husband (Sheltons) sued both Steelcase and M.B. Haynes (Haynes) in state court. [Id.].

The state court granted summary judgment to Haynes prior to trial but the jury returned a verdict against Steelcase in the amount of $1,250,000.00 in favor of the Sheltons. [Id.]. The North Carolina Court of Appeals affirmed

2

the verdict and judgment against Steelcase but reversed the grant of summary judgment in favor of Haynes. [Id., at 3]; Shelton v. Steelcase, Inc., et. al, 677 S.E.2d 485 (2009). The case against Haynes was remanded for trial. Id. Both Steelcase and Haynes moved for discretionary review by the North Carolina Supreme Court and both petitions were denied in August 2009. [Doc. 1, at 3.]; Shelton v. Steelcase, Inc., et. al., 363 N.C. 583, 682 S.E.2d 389 (2009). Steelcase paid the full amount of the judgment owed to Shelton and filed a Satisfaction of Judgment in state court on October 1, 2009. [Doc. 1, at 3; Doc. 17-1]. After this present action was filed the Sheltons filed a voluntary dismissal with prejudice of their claims against Haynes, thus this claim was never tried on remand. [Doc. 17-1, Doc. 17-2].

In the Complaint in this Court, Steelcase seeks indemnification from Haynes as the primary, active tortfeasor for the full amount of the judgment paid to Shelton. [Doc. 1, at 3]. In the alternative, it seeks contribution from Haynes as a joint tortfeasor. [Id., at 4].

On February 8, 2010, Haynes moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), claiming this action is premature until the negligence, if any, of Haynes is determined by the state court. [Doc. 6, at 2]. On the same day that Haynes moved to dismiss, it filed two separate motions for summary judgment, one addressed to indemnity and one addressed to

3

contribution. [Doc. 8; Doc. 10].

Steelcase responded to the motion to dismiss by presenting proof that the state court action was completely concluded. Steelcase filed both the Satisfaction of Judgment showing that Steelcase had paid the full amount of the judgment to the Sheltons and a copy of the Sheltons' Notice of Voluntary Dismissal with Prejudice as to Steelcase and Haynes. [Doc. 17-1; Doc. 17-2]. Haynes does not dispute that the state court action has been concluded.

Since the Defendant had moved to dismiss solely based on the state court action not being concluded, and because the state court action has thereafter been concluded, the Magistrate Judge recommended the denial of the motion to dismiss. Haynes timely filed objections.

## STANDARD OF REVIEW

A district court reviews specific objections to a Memorandum and Recommendation under a *de novo* standard. 28 U.S.C. §636(b). "Parties filing objections must specifically identify those findings objected to." Battle v. United States Parole Commission, 834 F.2d 419, 421 (5th Cir.1987), *overruled on other grounds* Douglass v. United Ervs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996). If a party makes only general objections, *de novo* review is not required. Wells v. Shriners Hospital, 109 F.3d 198, 200 (4th Cir.

4

1997)(boilerplate objections will not avoid the consequences of failing to object altogether). "Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only *those portions* of the report or *specified* proposed findings or recommendations *to which objection is made*." United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007), *certiorari denied* 551 U.S. 1157, 127 S.Ct. 3032, 168 L.Ed.2d 749 (2007) (emphasis in original). Likewise, merely reiterating the same arguments made in the pleading submitted to the Magistrate Judge does not warrant *de novo* review. Id.; Veney v. Astrue, 539 F.Supp.2d 841, 846 (W.D.Va. 2008). "Allowing a litigant to obtain *de novo* review of her entire case by merely reformatting an earlier brief as an objection 'mak[es] the initial reference to the magistrate useless.'" Id. In order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Midgette, 478 F.3d at 622.

## DISCUSSION

**The Motion to Dismiss for Failure to State a Claim.**

In order to survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), *quoting* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). To be "plausible on its face," a plaintiff must demonstrate more than "a sheer possibility that a defendant has acted unlawfully." Id. A plaintiff must "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling [it] to relief, *i.e.*, the 'plausibility of entitlement to relief.'" Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009), *quoting* Twombly, 550 U.S. at 570.

Both parties have submitted materials outside the pleadings. The satisfaction of judgment, release and notice of voluntary dismissal with prejudice are inherently relied on by Steelcase in its Complaint. It is therefore "proper for the district court to consider [them] in ruling on the motion to dismiss." Darcangelo v. Verizon Communications, Inc., 292 F.3d 181, 195 n. 5 (4th Cir. 2002), *citing* New Beckley Mining Corp. v. Int'l Union, UMWA, 18 F.3d 1161, 1164 (4th Cir. 1994). "[A] district court ruling on a motion to

6

dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies." Stewart v. Pension Trust of Bethlehem Steel Corp., 12 Fed.Appx. 174, 2001 WL 691028 **1 (4th Cir. 2001); Philips v. Pitt County Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (court may consider documents "attached to the motion to dismiss, so long as they are integral to the complaint and authentic"). "[I]f a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997); CACI Intern., Inc. v. St. Paul Fire and Marine Ins. Co., 566 F.3d 150, 154 (4th Cir. 2009) (documents submitted by defendant in support of motion may be considered if the complaint explicitly relied on them).

In the objections, filed on March 30, 2010, counsel for Haynes states:

> While it is true that Steelcase, Inc. paid the Judgment against it in the case pending in [state court], that satisfaction does not resolve the entire case. *The case is still pending as to all claims against M.B. Haynes.*
>
> ...
> In other motions before this Court, M.B. Haynes has pled that it has obtained a Release from Plaintiffs Maxine Shelton and Jerry Shelton. *M.B. Haynes understands that this normally would*

7

> *resolve the action of Plaintiffs against it and end the State Court action*. However, in this case, Steelcase has alleged that the Release is of no account and was given in bad faith, which if true *probably* would bring new life to the *pending action in* [state court].

[Doc. 16, at 1, 2 n.1] (emphasis provided).

As conceded in the objections, Haynes placed before this Court in support of one of its motions for summary judgment, a copy of the release executed by the Sheltons to Haynes which is dated *January 25, 2010*. [Doc. 11-2]. The notice of dismissal with prejudice signed by the Sheltons' lawyer is dated April 8, 2010. [Doc. 17-2]. This means that at the time Haynes filed its motion to dismiss on February 8, 2010, defense counsel knew (a) a settlement had been reached between the Sheltons and Haynes; (b) payment of that settlement had been made; and (c) the Sheltons had signed a full and complete release of all claims against Haynes. Although technically the action had not yet been dismissed at the time defense counsel filed objections on March 30, 2010, he clearly knew it was only a matter of days before dismissal would be effected. In addition, the Defendant has not disputed Plaintiff's assertion that the state court action has been dismissed. Indeed, in his reply to the Plaintiff's response to the objection, counsel concedes that the state court action *was pending* "until Notice of Dismissal was filed in the [state court] action on April 8, 2010[.]" [Doc. 18, at 1]. It is moreover undisputed

8

that the judgment against Steelcase was satisfied on October 1, 2009. As such, the sole basis for the Defendant's motion to dismiss - that the state court action remained pending - is no longer true. As such the Defendant's motion must be denied.

In an attempt to avoid this result, Defendant's counsel raises a new argument in his objection to the Memorandum and Recommendation. He argues that Steelcase has questioned Haynes' good faith in entering into settlement with the Sheltons and asserts that this "probably would bring new life to the pending action" in state court. [Doc. 16, at 2]. This, however, was not an argument raised before the Magistrate Judge. Price v. Dixon, 961 F.Supp. 894 (E.D.N.C. 1997)(claims cannot be raised for the first time in objections to a memorandum and recommendation).[1] There is, however, *no pending state court action*. To the extent any issue related to good faith has been raised, it has been raised in response to the Defendant's motion for summary judgment on the issue of contribution *in this case*.

The Court rejects the Defendant's objection and concludes that the motion to dismiss must be denied. The Court notes that counsel's actions in filing this motion at a time when he knew that the underlying judgment had

---

[1] Haynes also makes a vague argument about *res judicata* in the objections which was not raised before the Magistrate Judge. As a result, the Court will not address it.

been satisfied and that his client had entered into a settlement and a release had been given borders on sanctionable conduct.

**The Motions for Summary Judgment.**

> Under the Federal Rules of Civil Procedure, summary judgment shall be awarded "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, ... show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). As the Supreme Court has observed, "this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."

Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 519 (4th Cir. 2003) (emphasis in original).

Nonetheless, in considering the facts for the purposes of a summary judgment motion, the Court will view the pleadings and material presented in the light most favorable to the nonmoving party. Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

In the first motion for summary judgment, Haynes claims that because the jury in the Shelton trial found Steelcase was actively negligent, Steelcase may not seek indemnification from Haynes. [Doc. 9].

In affirming the jury verdict, the North Carolina Court of Appeals held as follows:

> [T]his case was tried on a theory of premises liability. The evidence supported a finding that the door was a hazardous condition, that Steelcase knew or should have known of its hazardous nature, and that Steelcase nonetheless did not warn Ms. Shelton of the hazard. She was then injured by that hazard. ... Thomas Allen, an iron worker for defendant M.B. Haynes, testified that a day or two before the accident, he and his partner were working near the door and noticed, because of fresh marks in the dust on the floor, that the door appeared to have slid out from the wall. The two men pushed the door back. On the day of the accident, the door, according to Ms. Shelton, was nearly flush with the wall. Based on this evidence, the jury could have found that the door fell because the M.B. Haynes workers pushed it too close to the wall.
>
> ...
> The evidence is sufficient ... to permit a jury to find that Steelcase should have been able to foresee that its maintenance of a hazardous condition – the unsecured 300-pound door leaning against a wall – and failing to warn Ms. Shelton and others whom it had requested to work in the area of the hazard could result in some injury.

Shelton v. Steelcase, Inc., 677 S.E.2d at 498-99, 503-04.

The jury in the state court case against Steelcase thus found that Steelcase was negligent on the theory of premises liability. Premises liability negligence can be either active or passive. That is, Steelcase either "'(1) negligently created the condition causing the injury,' (active negligence) or (2) negligently failed to correct the condition after actual or constructive notice of

its existence' (passive negligence)." Nourse v. Food Lion, Inc., 127 N.C.App. 235, 238 (1997), *affirmed* 347 N.C. 666, 496 S.E.2d 379 (1998), *quoting* Roumillat v. Simplistic Enters., Inc., 331 N.C. 57, 64, 414 S.E.2d 339 (1992), *overruled in part on other grounds by* Nelson v. Freeland, 349 N.C. 615, 507 S.E.2d 882 (1998). The Defendant presented no evidence or public records in support of its motion. It presented only a conclusory statement that the jury found active negligence. Conclusory allegations are insufficient. Summary judgment is decided based on forecasts of *evidence*. Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002).

In the second motion for summary judgment, Haynes claims that a release executed by Shelton to Haynes in exchange for $55,000.00 precludes any liability for contribution to Steelcase, citing N.C.G.S. §1B-4(2). [Doc. 11; Doc. 11-2]. That statute provides that when a release "is given in good faith to one of two or more persons liable in tort for the same injury ... [i]t discharges the tort-feasor to whom it is given from all liability for contribution to any other tort-feasor." Steelcase has raised the issue of "good faith" in response to the motion, claiming that Haynes entered into the release solely to defeat contribution.

Again, the motion is premature and unsupported. Brooks v. Wal-Mart Stores, Inc., 139 N.C.App. 637, 644, 535 S.E.2d 55 (2000), *review dismissed*

353 N.C. 370 (2001) (noting the statute does not define good faith and generally a hearing is required). Although the "totality of the circumstances" is generally considered, those circumstances have not been present to the Court. Id., at 645.

Counsel are advised to conduct the initial attorneys' conference and to file their certificate thereof.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation of the Magistrate Judge is adopted and the Defendant's Motion to Dismiss [Doc. 5]; the Defendant's Motion for Summary Judgment (Indemnity Claim) [Doc. 8]; and the Defendant's Motion for Summary Judgment (Contribution Claim) [Doc. 10] are hereby **DENIED**.

**IT IS FURTHER ORDERED** that counsel shall conduct the initial attorneys' conference and file certificate thereof in accordance with the Local Rules of Practice and Procedure of the United States District Court for the Western District of North Carolina.

Signed: August 6, 2010

Martin Reidinger
United States District Judge