# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:09cv443

STEELCASE, INC., )
)
        **Plaintiff,** )
)
vs. )   **ORDER**
)
M.B. HAYNES CORPORATION, )
)
        **Defendant.** )
)

**THIS MATTER** is before the Court on the Defendant's Motion re: Use of Door as Demonstrative Evidence [Doc. 62]. No response from the Plaintiff is required.

The parties do not dispute that the fire door which fell on Maxine Shelton was a red steel fire door which was 80" wide, 98" tall, 2" thick and weighed at least 200 pounds. The Defendant seeks leave to use, as demonstrative evidence, a wooden door painted red which is 80" wide, 98" tall and 1 ½" thick and which weighs about 60 pounds. Counsel propose to lean the wooden door against a wall inside the courtroom in the presence of the jury and to have witnesses indicate "the appearance of the door as they observed

it leaning against a wall." [Doc. 62, at 3]. "When the door is situated to the satisfaction of each witness any gap between the base of the wall and the bottom of the door can be measured and identified for the record[.]" [Id.]. The Defendant wants to use this door because "[o]ne of the critical issues to be decided by the jury at trial is whether Haynes' employees moved the steel door to a position rendering it more hazardous than it was during the time that it was stored by Steelcase originally." [Id.]. During the final pre-trial conference, counsel also disclosed their intention to show that Shelton and/or another worker near her moved the door causing it to fall.

The main purpose of a demonstrative aid is "to illustrate other admitted evidence and thus to render it more comprehensible to the trier of fact." 2 McCormick on Evidence §214 (6th ed. 2006). A demonstrative aid is relevant "because of the assistance [it] give[s] to the trier in understanding other real, testimonial and documentary evidence." Id. Mock-ups or duplicates are relevant "when they are a substantially correct representation of something the witness once perceived and is now describing." Id. Nonetheless, even when relevant, the court must also consider the probative value of the proposed use of the demonstrative aid against the risk of unfair prejudice. Fed.R.Evid. 403. Unfair prejudice means "a genuine risk that the emotions will be excited to irrational behavior, and ... this risk is disproportionate to the

probative value of the offered evidence." United States v. Udeozor, 515 F.3d 260, 264 (4th Cir. 2008) (citations omitted). At bottom, the probative value of a particular demonstrative aid is measured by the degree to which that the item will assist the trier of fact in understanding a witness's testimony. See, McCormick, supra.

Counsel for Defendant states that he intends to have witnesses perform a demonstration as to the movement or placement of the door; that is, to move the door "to the satisfaction of each witness" after which measurements will be taken between the base of the wall and the bottom of the door. [Doc. 62, at 3]. In order for this to be allowed, counsel must show the demonstrative door is substantially similar to the actual door. This, however, the Defendant is unable to do. The hollow wooden demonstration door weighs some 140 pounds less than the actual steel door that was involved in the accident. Obviously, it is much easier for someone to move the lighter wooden door than it had been to move the heavier and more substantial steel door. Thus the demonstration door is not substantially similar to the door at issue.

Indeed, counsel have not described any manner in which the movement of the wooden door would be "substantially similar" to movement of the steel door. In other words, a witness could easily manipulate the wooden door thereby falsely implying that the steel door could have been similarly easily

3

manipulated or moved. Thus, in addition to not showing the substantially similar requirement, the potential for unfair prejudice of such evidence outweighs its probative value.

Counsel has also failed to explain in what manner the wall against which they seek to "place" the wooden door is substantially similar to the wall against which the actual fire door was placed. In the state court trial related to this matter, there was testimony that the wall against which the actual door was leaning had conduits protruding from it, and that the door may have been placed in a manner so as to be in contact with such protrusions. Shelton v. Steelcase, Inc., 197 N.C.App. 404, 407-08, 430, 677 S.E.2d 485, rev. denied, 363 N.C. 583, 682 S.E.2d 389 (2009). There was also evidence that some conduits may have actually been supporting the door. Id. Such an irregular wall cannot be replicated inside the courtroom.[1] Finally, counsel has not addressed the difference between a newly carpeted floor inside the courtroom and the floor inside the Steelcase factory where the door was actually placed, and what effect such differences may have on the proposed demonstration.

Haynes' attorneys claim that once the demonstrative door has been placed by the witness, it will be photographed and the photo marked as an

---

[1] Nor would such replication be allowed as it would damage paneling in a building which has been listed in the National Register of Historic Places.

4

exhibit for use by the jury. "The jury then can compare the photographic exhibits to determine how the door was situated before and after Haynes' employees moved the door, thus assisting the jury to understand how the accident probably happened." [Doc. 62, at 3]. To the extent that counsel seek to use photographic evidence, they may be able to have a witness testify that a proffered photo fairly and accurately illustrates the location of the door, its proximity to the wall, and other factors, and if so authenticated offer such photo for illustrative purposes. No in-court demonstration would be necessary for such evidence to be presented.

In sum, the Court finds the proposed door exhibit is not substantially similar to the door at issue in the case and thus is not relevant. See, generally, Fed.R.Evid. 401, 901. Moreover, even if it were relevant, its probative value is substantially outweighed by the risk of unfair prejudice. Fed.R. Evid. 403.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion re: Use of Door as Demonstrative Evidence [Doc. 62] is hereby **DENIED**.

Signed: September 8, 2011

Martin Reidinger
United States District Judge